Dolly Elizabeth TATE, Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C5-84-83.

Court of Appeals of Minnesota.

Oct. 23, 1984.

Jeffrey W. Lambert, Larson & Lambert, Wayzata, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Heard, considered and decided by POPO-VICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The Commissioner's revocation of appellant's drivers license was sustained by the trial court. The appeal questions the adequacy of foundation for admitting into evidence a breathalyzer test result. We affirm.

## FACTS

Appellant was arrested in November 1983, after failing a preliminary breath test. At the Chemical Testing Unit of the Minneapolis Police Department, she consented to a breathalyzer test. Based on the results of that test, her license was revoked.

The test was administered by the arresting officer, Jon DeLuney. Officer DeLuney completed the twenty-five steps shown on a printed operational check list. At the hearing on appellant's petition to rescind revocation of her license, DeLuney testified that the check list showed the minimum requirements to complete a valid test.

Item 12 of the breathalyzer operational check list requires that the subject be "under observation" for 15–20 minutes, a requirement aimed at preventing or at least noticing any contamination of the breath sample. Officer DeLuney admitted at the court hearing that his observation of appellant was interrupted when she was taken to a bathroom about 10 or 12 minutes before the test was taken.

Officer DeLuney certified completion of the steps shown on the operational check list, including Item 12. He testified at the court hearing that he followed the instructions on the check list, and he explained that appellant was observed during her bathroom visit by a county employee who had been riding on patrol with the officer at the time appellant was arrested. DeLuney further testified that he had no reason to believe appellant ate or drank anything while visiting the bathroom, and that she did not place anything in her mouth that could have affected the test results.

## ISSUE

Did the trial court err in admitting a breathalyzer test result?

## ANALYSIS

■ Unless the trial court abused its discretion in deciding to admit evidence, the decision must be affirmed.

It is well settled that the exclusion of evidence for lack of foundation rests in the sound discretion of the trial court and will not be disturbed unless justice requires.

*Bisbee v. Ruppert*, 306 Minn. 39, 44, 235 N.W.2d 364, 368 (1975).

■ It is equally settled that admissibility of a chemical test result depends upon "prima facie proof of the trustworthiness of the test's administration." *State v. Dille*, 258 N.W.2d 565, 568 (Minn.1977). Trustworthiness exists when there is a

"sufficient indicia of reliability," a showing of the steps needed "to ensure reliability." *Id.* at 568, 567.

■ Once a prima facie showing of trustworthy administration has occurred, it is "incumbent upon defendant to suggest a reason why the * * * test was untrustworthy." *Id.* at 568. In the *Dille* case, the supreme court dealt with a criminal prosecution, and noted that the "burden" of the defendant on the issue of trustworthiness was not unconstitutional. In reviewing an implied consent case, the supreme court said that the defendant is "free to come forward with evidence" challenging a showing of foundation, and that this does not place upon the defendant the burden of proof. *State, Department of Public Safety v. Habisch,* 313 N.W.2d 13, 16 (Minn. 1981). In summary, the proponent of test evidence does not have an absolute burden to show trustworthiness.

■ The trial court concluded the Commissioner had met his burden to show the reliability of a breathalyzer test. We believe this decision was within the discretion of the court on the issue. In his written certification and in his testimony Officer DeLuney confirmed his compliance with steps included in the operational check list. He was permitted to state conclusions that appellant was observed on a bathroom visit and that nothing entered her mouth which would contaminate the test result. It is appropriate on that evidence to leave with the defendant the obligation to offer evidence tending to show the test was untrustworthy.

The judgment of the trial court is particularly appropriate when an objection is based on the possibility of contamination of a test. The proponent of a test can never absolutely eliminate possibilities of contamination, but must show the taking of steps which are reasonably aimed at eliminating the occurrence of contamination. The Commissioner made such a showing, and the situation of the defendant was as suggested in a civil case reviewed by the Minnesota Supreme Court in 1975:

The defense was free to argue, as it did, the possibility of contamination or other irregularity in the taking of the blood sample but such argument goes to the weight of the evidence and not its admissibility.

*Dick v. Molitor,* 305 Minn. 390, 394, 234 N.W.2d 583, 586 (1975).

## DECISION

The trial court properly admitted breathalyzer test result evidence.

Affirmed.