**Eugene R. KOTTKE,
petitioner, Appellant,**

v.

**COMMISSIONER OF PUBLIC
SAFETY, Respondent.**

No. C3–84–518.

Court of Appeals of Minnesota.

Nov. 13, 1984.

Samuel A. McCloud, William A. Lanoue, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

The Commissioner's revocation of appellant's driver's license was sustained by the trial court. The appeal questions the adequacy of foundation for admitting into evidence a breathalyzer test result. We affirm.

## FACTS

Kottke was arrested on a DWI charge on February 11, 1983. His breath test was taken by a certified breathalyzer operator and recorded an alcohol concentration of .16.

The operator administered the test in accordance with the B.C.A.'s Breathalyzer Operational Checklist. All readings were within acceptable limits. Specifically, a room air sample test showed a reading of zero. A simulator solution test registered .102.

At trial, the operator conceded that he did not have personal knowledge of the chemical composition of the test ampoules, the person from whom they had been purchased, or the conditions under which they had been stored. Kottke's objection, that this lack of personal knowledge constituted a foundational defect, was overruled by the court.

## ISSUE

Did the trial court err in admitting a breathalyzer test result?

## ANALYSIS

■ This court recently reviewed settled principles on foundation sufficient to admit chemical test evidence. *Tate v. Commissioner of Public Safety*, 356 N.W.2d 766 (Minn.Ct.App.1984). Foundation rulings rest in the sound discretion of the trial court and will not be disturbed unless justice requires. Admissibility of a chemical test requires prima facie proof of trustworthy administration, but the proponent of the evidence does not have an absolute burden to show trustworthiness. Once the proponent shows steps indicating reliability, the other party is free to come forward with evidence challenging the showing of foundation, and a defendant thus having to offer evidence does not suffer an unconstitutional burden of proof.

■ In the instant case the test of room air and the test of a simulator solution gave expected results. Therefore the state met its burden of proof in terms of the trustworthy administration of the breathalyzer. *Bielejeski v. Commissioner of Public Safety*, 351 N.W.2d 664, 666 (Minn.Ct. App.1984).

It was then up to Kottke to produce evidence to impeach the credibility of the breathalyzer test results.

Kottke was free to come forward with evidence to challenge the foundation laid for the test. He did not do so. No evidence was introduced that anyone has ever found ampoules whose contents produced anticipated results on room air and simulator tests, and yet produced erroneously high subject test results.

■ Where, as here, the test was administered at a regularly-used location by an experienced operator, the breathalyzer checklist was followed, the instrument appeared to function properly, the breathalyzer log was checked and indicated a history of correct functioning, ampoules were taken from a desk drawer where they appeared to be normally stored, and the room air and simulator tests gave anticipated results, the trial court had an ample basis for considering the test admissible.

## DECISION

■ The State, having shown that B.C.A. procedures were followed, laid the proper foundation for admission of the breathalyzer test results.

■ The breathalyzer operator did not have to have personal knowledge of the chemical composition of the test ampoules, the person from whom they had been purchased, or the conditions under which they had been stored.

Affirmed.