**Kenneth Doran GRUND, Petitioner, Appellant,**

**v.**

**COMMISSIONER OF PUBLIC SAFETY, Respondent.**

**No. C8–83–1265.**

Court of Appeals of Minnesota.

Dec. 24, 1984.

John S. Connolly, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Joel A. Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Kenneth Grund's driver's license revocation was sustained by the trial court following an implied consent hearing. Appellant's license was revoked by the Commissioner of Public Safety following his arrest for DWI and a subsequent analysis of his blood alcohol concentration at .10. On appeal appellant claims (1) a tolerance of 5 percent exists in the testing procedure so the result could have been .095 to .105, and (2) the Commissioner failed to promulgate standards for the administration of blood tests.

### DECISION

1. The implied consent law, Minn. Stat. § 169.123 (1982), does not require the Commissioner of Public Safety to prove an alcohol concentration of .10 within an alleged margin for potential error.

2. The record does not establish the claimed margin of error would be sufficient to reduce the test results below .10. The two analyses conducted showed alcohol concentrations of .111 and .106. The result would still be in excess of .100 even with the potential error claimed by appellant.

3. Appellant's second contention that the Commissioner failed to promulgate standards was decided adversely in *Quimby v. State, Department of Public Safety,* 351 N.W.2d 629, 633 (Minn.1984), where the Minnesota Supreme Court held the training standards promulgated by the Commissioner are sufficient to meet statutory requirements.

Affirmed.