**Mari Reeves KOOI, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

**No. CO–84–1626.**

Court of Appeals of Minnesota.

Feb. 26, 1985.

Donald H. Nichols, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## OPINION

WOZNIAK, Judge.

The Commissioner of Public Safety appeals an order rescinding the revocation of Mari Kooi's driver's license. The court determined that, because Kooi was not under observation for 15 to 20 minutes prior to the administration of the breathalyzer test, the Commissioner did not prove by a fair preponderance of the evidence that the testing method used was valid and reliable. We reverse.

## FACTS

Mari Kooi was arrested for DWI in March 1984, after failing a series of field sobriety tests. Officer David Sikorra of the Minnetonka Police Department read the Implied Consent Advisory to her. Kooi indicated that she understood the advisory, and asked to speak to an attorney. Sikorra then brought her to the Minnetonka City Hall.

Once at City Hall, Kooi was escorted into the interview room to call her attorney. Sikorra joined Officer Richard Kucera in the adjoining booking room where they waited for Kooi to finish her call. The booking room is ten feet by ten feet; the interview room smaller. The two rooms together are like a double closet.

Kucera conducted the breath test. He testified that he followed all 25 steps set forth in the B.C.A. checklist, and that all readings were within the established B.C.A. limits.

Item 12 of the breathalyzer operational checklist recommends that the subject be "under observation" for 15–20 minutes prior to test administration, a requirement aimed at preventing or at least noticing any contamination of the breath sample. Both testified that they observed Kooi for the B.C.A.-recommended 15 to 20 minutes prior to the breath test. However, neither was absolutely certain as to whether the adjoin-

ing room's door was open. Sikorra was filling out papers during that time. Kucera testified: "I was with her continually and watching her as my primary interest for that 15 or 20 minutes." Moreover, Kucera asked Kooi if she had had anything in her mouth for the 15 to 20 minutes prior to the test. Kooi answered that she had not. Kooi's breath sample registered an alcohol concentration of .15.

The trial court disregarded the test results, holding that the Commissioner did not establish by a fair preponderance of the evidence that the testing method used was valid and reliable because Kooi was not under observation for the 15 to 20 minutes prior to the test.

## ISSUE

Did the trial court err in concluding that the Commissioner had failed to prove by a fair preponderance of the evidence that the testing method used was valid and reliable?

## ANALYSIS

■ Trustworthiness in the administration of a breathalyzer test exists when there are sufficient indicia of reliability, a showing of the steps needed to ensure reliability. *Tate v. Commissioner of Public Safety*, 356 N.W.2d 766 (Minn.Ct.App. 1984). When circumstances show that there are sufficient indicia of reliability, it is not necessary that all 25 steps of the B.C.A. checklist be followed. *See generally, State, Department of Public Safety v. Habisch*, 313 N.W.2d 13 (Minn.1981).

■ Once the proponent shows steps indicating reliability, the other party must come forward with evidence to suggest a reason why the test was untrustworthy. *State v. Dille*, 258 N.W.2d 565, 568 (Minn. 1977).

■ Here the court rejected the breathalyzer test results because it determined that step 12 of the B.C.A. checklist had not been complied with in that Kooi was not under observation for 15 to 20 minutes prior to the test. The purpose of the observation period is to preclude the possibility of mouth alcohol affecting the test results—mouth alcohol which is the result of burping or vomiting.

In *Tate* at 767, 768, the officer testified that his observation of the suspect was interrupted when she was taken to a bathroom about 10 to 12 minutes before the test was taken. The officer testified that the suspect was observed on a bathroom visit and that nothing entered her mouth which would contaminate the test result. The escort did not testify. The court held that it was appropriate on that evidence to leave with the suspect the obligation to offer evidence tending to show the test was untrustworthy. Since the defendant did not offer any such evidence, the test was held to be admissible.

Here, both officers testified to having the suspect under observation during the observation period. The officers were together in a small room; Kooi was in a smaller, adjacent room. Both officers testified that they were very conscious of what Kooi was doing. Neither officer was certain, however, whether a door to the room in which the respondent was using a telephone was open or shut. Kooi admitted that she put nothing in her mouth during that time period.

Where, as here, the evidence is unrebutted that the respondent was under the observation of one or more officers for the observation period, that the respondent admitted she put nothing in her mouth during that period, that there was no evidence that she was actually out of sight of both officers at any time, the Commissioner met his burden of proving by a fair preponderance that the testing method was valid and reliable.

## DECISION

The Commissioner established by a fair preponderance of the evidence that the police officers had Mari Kooi under their observation for the B.C.A.-recommended 15 to 20 minute pre-test observation period, and that the test results were valid and

reliable. It then became Kooi's burden to prove that something happened which rendered the results invalid and unreliable. Kooi did not meet this burden.

Reversed.