Gregory Robert **SCHILDGEN,** **Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C7–84–1574.

Court of Appeals of Minnesota.

March 5, 1985.

Joel W. Sutcliffe, St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Martha J. Casserly, Linda Close, Asst. Attys. Gen., St. Paul, for appellant.

Heard, considered, and decided by WOZNIAK, P.J., and PARKER and HUSPENI, JJ.

## SUMMARY OPINION

WOZNIAK, Judge.

### FACTS

The trial court rescinded the revocation of Gregory Schildgen's driver's license after an implied consent hearing. The Commissioner of Public Safety had revoked Schildgen's license following his arrest for DWI and a subsequent analysis of his breath alcohol concentration at .10. The trial court determined that the testing method was valid and reliable, but rescinded the revocation on the grounds that the test results were not accurately evaluated because of an alleged margin of error in the breathalyzer instrument.

### DECISION

 The implied consent law, Minn. Stat. § 169.123 (1982), does not require the Commissioner of Public Safety to prove an alcohol concentration of .10 within an al-

leged margin for potential error. *Grund v. Commissioner of Public Safety*, 359 N.W.2d 652 (Minn.Ct.App.1984).

Under Minn.Stat. § 169.123, subd. 4 (1982), the Commissioner must revoke a person's license when "the test results indicate an alcohol concentration of .10 or more." The statute clearly requires a concentration of .10—not .10 plus or minus an error factor. And, Minn.Stat. § 169.123, subd. 6(3) (1982), expressly limits the issue to be raised at a hearing to whether "the test results indicate an alcohol concentration of .10 or more at the time of testing," not whether or not the reading was .10, coupled with some margin of error.

Reversed.