Paul Bradley ZERN, petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC SAFETY, Appellant.

No. C3-84-2012.

Court of Appeals of Minnesota.

July 16, 1985.

Paul W. Rogosheske, South St. Paul, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Linda F. Close, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

The Commissioner of Public Safety appeals the trial court's rescission of the revocation of respondent's driver's license. We reverse.

## FACTS

Respondent Paul Zern was stopped for speeding and arrested for DWI. Shortly after his arrest, he consented to a breath test. During the course of the test an internal diagnostic check was conducted which indicated that the intoxilyzer machine was in proper working order. The machine performed four separate air blank tests, the results of which were within acceptable limits. The trooper operating the machine, a certified breathalyzer and intoxilyzer operator, testified that in his opinion, based on his training, experience and observations, the machine was operating properly.

Respondent's first breath sample revealed an alcohol concentration of .118 with a replicate reading of .119. His second breath sample, taken about four minutes later, revealed an alcohol concentration of .103 with a replicate analysis of .105. Testimony showed an 89% correlation between the readings obtained on the first and second analyses.

At the end of trial, the judge said:

My only comment on the test is I have a tough time with the accuracy of the test and I will tell you why. In a period of four minutes this gentlemen's blood alcohol goes from a .119 to a .103. In all of these things that I have heard in the courtrooms for the past four years one's alcohol drops at 10% an hour or something like that. We have this gentleman's alcohol dropping in a period of four minutes if I believe this test.

The trial court found that the Commissioner failed to prove by a preponderance of the evidence that Zern's breath test revealed an alcohol concentration of .10 or more. Therefore, the judge rescinded the revocation of Zern's driving privileges.

## ISSUE

Did the Commissioner prove by a preponderance of the evidence that Zern's breath test revealed an alcohol concentration of .10 or more?

## ANALYSIS

It is well settled that law relating to the revocation of driving privilegs are remedial statutes intended to be liberally construed for the protection of the public. *State, Department of Public Safety v. Juncewski*, 308 N.W.2d 316 (Minn.1981).

The Minnesota Supreme Court has held that the results of a breathalyzer test may be admitted into evidence without antecedent expert testimony if the machine was operated by a certified operator and it is established that the machine was in proper working order and the chemicals were in proper condition. *State, Department of Public Safety v. Habisch*, 313 N.W.2d 13 (Minn.1981); *State, City of St. Louis Park*

*v. Quinn,* 289 Minn. 184, 182 N.W.2d 843 (1971).

 These conditions were met here. Both test samples revealed an alcohol concentration of .10 or more. The evidence does not support the trial judge's finding that the Commissioner failed to prove by the preponderance of the evidence that respondent's breath test revealed an alcohol concentration of .10 or more.

## DECISION

Where a certified intoxilyzer operator testifies the machine is in proper working order, room air results are within acceptable limits and both of respondent's test samples reveal an alcohol concentration of .10 or more, the trial court erred in finding the Commissioner failed to prove respondent's breath test showed a .10 alcohol concentration. Reversed.