Richard John DIXON,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C9–85–324.

Court of Appeals of Minnesota.

Aug. 20, 1985.

Joel N. Heiligman, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Mary B. Magnuson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by POPOVICH, C.J., and FOLEY and LESLIE, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

Appellant Richard Dixon was arrested for D.W.I. While transported to the police station, he talked constantly and the officer did not observe appellant put anything in his mouth. Upon arrival, he was photographed and read the implied consent advisory. He consented to a breath test. The administering officer testified he inspected appellant's mouth prior to testing and found no foreign objects inside the mouth. Appellant testified he did not place anything in his mouth during the 15 to 20 minutes he was under observation prior to the test, including about five minutes while in the squad car. The first breath sample revealed an alcohol concentration of .103 and a replicate reading of .109; a second breath sample produced results of .112 and .112. The intoxilyzer reported the results as .10. Appellant appeals the trial court's order sustaining the revocation of his driver's license.

### DECISION

1. Appellant argues the Commissioner failed to show he was under direct and continuous observation for 15 to 20 minutes prior to testing. Appellant did not present any evidence suggesting the test was untrustworthy. The trial court prop-erly rejected this argument. *See Kooi v. Commissioner of Public Safety*, 363 N.W.2d 487, 489 (Minn.Ct.App.1985); *Tate v. Commissioner of Public Safety*, 356 N.W.2d 766, 768 (Minn.Ct.App.1984).

2. The Commissioner of Public Safety is not required to prove an alcohol concentration of .10 within some alleged margin of potential error. *See Schildgen v. Commissioner of Public Safety*, 363 N.W.2d 800, 801 (Minn.Ct.App.1985); *Grund v. Commissioner of Public Safety*, 359 N.W.2d 652, 653 (Minn.Ct.App.1984).

3. Appellant's argument that he was denied his right to consult with counsel prior to testing was not raised at trial and is without merit. *See Nyflot v. Commissioner of Public Safety*, 369 N.W.2d 512 (Minn.1985).

Affirmed.