Donald D. FALAAS,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. C6-85-2046.

Court of Appeals of Minnesota.

June 3, 1986.

David DeSmidt, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Respondent's driving privileges were revoked pursuant to the implied consent law, and he petitioned to the trial court for judicial review. The trial court rescinded the revocation and the Commissioner of Public Safety appealed. Respondent did not submit a brief, and this matter is proceeding under Minn.R.Civ.App.P. 142.03. We reverse.

## FACTS

Officer Jessie Morse was on duty the evening of May 27, 1985, monitoring Franklin Avenue in Minneapolis with a radar device. Respondent drove his motorcycle within the range of the radar, which indicated he was traveling at a speed of 52 miles per hour. Morse stopped respondent after following him for several blocks, and after noting respondent made a left turn through a red light without stopping.

Morse observed that respondent was unsteady on his feet, his eyes were bloodshot, and he could smell a strong odor of alcohol on his breath. Morse believed respondent was under the influence of alcohol and placed him under arrest and put him in the back seat of the squad car.[1]

Morse brought respondent to the courthouse for testing. Morse signed a form for the Intoxilyzer test indicating that respondent was under observation for 15 to 20 minutes. Morse testified that this meant that he had respondent in his custody and testified that he observed respondent for about that amount of time prior to testing. While respondent was in his custody, Morse claimed to have observed respondent's behavior and speech, and made sure that he did not have any alcohol. He did not see respondent place anything in his mouth, nor did he observe him belch or burp. Morse testified that he did not remember exactly how long he observed respondent, but felt it was at least 15 to 20 minutes prior to testing.

Morse delivered respondent to Officer Conrad Urbik, a certified Intoxilyzer operator. Urbik read respondent the implied consent advisory and performed the test shortly after ten o'clock. Urbik did not participate in the observation period. Urbick performed the various checks on the Intoxilyzer, all of which were within an acceptable range. Respondent's first breath sample registered a reading of .176, with a replicate reading of .180. The second sample registered a reading of .192, with a replicate reading of .196. The reported value was .17.

After Morse turned respondent over to Urbik, Urbik completed the paperwork and Morse was not with respondent during testing. After the testing was completed, Morse brought respondent to the jail.

The trial court rescinded the revocation of respondent's driving privileges, and the Commissioner appeals.

## ISSUE

Did the trial court err in rescinding the revocation of respondent's driving privileges by finding that the observation period was inadequate and that the Commissioner had not carried his burden of proof?

---

1. The basis for the stop and the arrest are not in    issue.

## ANALYSIS

The trial court determined that, although the stop and the arrest were valid, respondent's revocation should be rescinded because the observation of respondent prior to testing was inadequate. In its memorandum the trial court explained:

The officer, Jessie Morse, who made the stop and had the opinion that the defendant was under the influence said that the appellant did not put anything in his mouth, belch or burp. On cross-examination [he] said he didn't remember exactly and that he was not with the appellant during the testing procedure.

The Intoxilyzer operator, Conrad Urbik, relied on the observations of Officer Morse, since that is the name that he wrote on the Intoxilyzer test record in response to the requirement of observation of 15 to 20 minutes.

The trial court concluded that respondent could have placed something in his mouth which could have affected the test results, which Morse did not see. Morse did state that he did not remember exactly what happened during the observation period. He did testify that he was sure respondent had not put anything in his mouth during this period.

Morse also explained how long he had respondent under observation:

It took about fifteen minutes for the tow truck to get there, probably another ten minutes downtown, another five or ten while I was waiting for the test to start. Probably a little over half an hour.

Morse also stated that he did not recall exactly how much time he had respondent under observation.

■ The Commissioner has the burden of establishing that the test is reliable and that the administration of the test conformed to the procedure necessary to ensure its reliability. *State v. Dille*, 258 N.W.2d 565, 567 (Minn.1977). Once reliability is established, the driver must produce evidence suggesting why the test was untrustworthy. *Noren v. Commissioner of Public Safety*, 363 N.W.2d 315, 317 (Minn.Ct.App.1985). A slight interruption of the observation period or a less than perfect observation does not invalidate the test unless the driver has ingested or regurgitated a substance that affects the results, and the burden is on the driver to present such evidence. *Melin v. Commissioner of Public Safety*, 384 N.W.2d 474 (Minn.Ct.App.1986); *Kooi v. Commissioner of Public Safety*, 363 N.W.2d 487, 489 (Minn.Ct.App.1985). The argument that something *may have occurred* during observation to affect the test result is speculation and should not be used without supporting evidence as the basis for rescinding a revocation. *Tate v. Commissioner of Public Safety*, 356 N.W.2d 766, 768 (Minn. Ct.App.1984); *Bielejeski v. Commissioner of Public Safety*, 351 N.W.2d 664, 666 (Minn.Ct.App.1984).

■ The trial court erred in rescinding the revocation of respondent's driving privileges. Respondent did not meet his burden of introducing evidence that something happened during the observation period which colored the reliability of the test results. Where the evidence indicated that respondent was under the general observation of Morse for more than 20 minutes and the officer testified that he did not see respondent put anything in his mouth or burp or belch, the Commissioner met his burden of proving the test valid and reliable.

## DECISION

The trial court's order rescinding the revocation of respondent's driving privileges is reversed.

Reversed.