Julie Ann SCHWARZROCK,
Petitioner, Respondent,

v.

COMMISSIONER OF PUBLIC
SAFETY, Appellant.

No. CO–86–139.

Court of Appeals of Minnesota.

June 10, 1986.

John W. Zweber, Lane Kirchner, Roseville, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Respondent Julie Schwarzrock's driving privileges were revoked pursuant to implied consent. Following a hearing, the trial court rescinded the revocation. The Commissioner of Public Safety appeals. We reverse.

## FACTS

On March 2, 1985, Lieutenant Jerome Kaproth of the Minnesota State Patrol arrested respondent for driving under the influence. He read the implied consent advisory to respondent who consented to a breath test. Kaproth, a certified Intoxilyzer operator, administered the test.

The diagnostic checks of the machine indicated it was working properly. "Air blank" tests of the room air produced the anticipated readings of .000 alcohol concentration. The "calibration standard" test produced readings of .110 and .110, which are within accepted standards.

Respondent provided two adequate breath samples, the first were .126 and .129, and the second were .105 and .111. The instrument calculated a final reported value from those readings of .10 alcohol concentration. The correlation between the two breath samples was 86%. It was Kaproth's opinion that the machine

was working properly, and that the low correlation was due to the fact that on one sample respondent stopped blowing before being told to stop. Respondent's expert testified any correlation below 90% made the test invalid. The trial court found that the Commissioner did not show by a preponderance of the evidence that the testing method used was valid and reliable where the breath correlation was below 90%.

## ISSUE

Did the 86% correlation between the two breath samples invalidate the test?

## ANALYSIS

■ The Commissioner has the burden of making a prima facie showing of the trustworthiness of the test's administration. *State v. Dille*, 258 N.W.2d 565, 568 (Minn.1977). It is then incumbent upon petitioner to advance a reason which impugns the validity of the test. *Id.*

Minn. Stat. § 169.123, subd. 6 (1984), provides that the scope of judicial review includes whether the test results indicate an alcohol concentration of 0.10 or more at the time of testing.

■ Respondent's expert Thomas Burr analyzes physical evidence for the St. Paul Police Department. He believed that any correlation below 90% made the test invalid. He also believed the BCA procedure required 90% correlation between tests or that they be within 5% of each other.

The only reasons given in support of Burr's opinion were: "any time you have two values as far apart as .129 and .105 something is wrong with the procedure," and " * * * something wrong with the taking of the sample."

The "reasons" given by Burr are conclusions unsupported by facts which impugn the validity of the test given Schwarzrock.

Here, all four readings were in excess of .10 alcohol concentration. The trial court was not justified in rejecting the test results. *See Berge v. Commissioner of Public Safety*, 374 N.W.2d 730 (Minn.1985).

■ A person challenging breath test results must show that the perceived error results in a test showing a higher alcohol concentration than it would have but for the error. *Johnson v. Commissioner of Public Safety*, 374 N.W.2d 577 (Minn.Ct. App.1985); *Dixon v. Commissioner of Public Safety*, 372 N.W.2d 785 (Minn.Ct. App.1985). Here, there was no error shown.

The trial court here did not have the benefit of recent decisions of this court, *Abe v. Commissioner of Public Safety*, 374 N.W.2d 788 (Minn.Ct.App.1985), and *Zern v. Commissioner of Public Safety*, 371 N.W.2d 82 (Minn.Ct.App.1985), when it rescinded the revocation. In those cases we held that correlations of 87% and 89%, respectively, did not render the test legally insufficient. *See also Daley v. Commissioner of Public Safety*, 384 N.W.2d 536 (Minn.Ct.App.1986) (test valid with 86% correlation); *Hager v. Commissioner of Public Safety*, 382 N.W.2d 907 (Minn.Ct.App. 1986) (no error in admitting test with correlation of 88%).

## DECISION

The Commissioner of Public Safety proved that the breath test results were .10 or above. The trial court's decision is reversed.