**Joseph Patrick SCHULTZ, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C1–86–800.

Court of Appeals of Minnesota.

Sept. 23, 1986.

Hubert H. Humphrey, III, Atty. Gen., M. Jacqueline Regis, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Samuel A. McCloud, Dean Grau, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Respondent Joseph Schultz's driving privileges were revoked after he failed a breath test. At the implied consent hearing the trial court rescinded the revocation, determining that the Commissioner of Public Safety failed to establish, by a fair preponderance of the evidence, that Schultz's alcohol concentration was .10 or more, as required by Minn.Stat. § 169.123 (1984). The Commissioner appeals, and we affirm.

## FACTS

On February 6, 1986, at approximately 11:45 p.m., Officer David Nelson stopped Schultz for erratic driving. He observed indicia of alcohol consumption and formed the opinion that Schultz was under the influence. Nelson arrested Schultz and brought him to the police station, where he read Schultz the implied consent advisory. Schultz was offered a breath test, which he agreed to take.

The Intoxilyzer operator performed the test, first running an internal diagnostic test, and obtained the result, "diagnostic okay." An air blank test was then run, with a result of .000, within acceptable limits. Schultz's first breath test yielded results of .120 and .121.[1] The calibration standard test yielded results of .115 and .119; the acceptable range is between .10 and .12. The second breath test yielded results of .107 and .108. The reported value was .10.

At the hearing, attention was focused on the calibration standard test. The trial court found that the Commissioner had failed to establish, by a fair preponderance of the evidence, that Schultz's alcohol concentration was .10 or more as required by Minn.Stat. § 169.123. The Commissioner appeals from the trial court's order.

1. Schultz misstated a portion of the facts in his brief and moved for leave to submit a letter of clarification to correct it. That motion is granted.

## ISSUE

Did the trial court clearly err when it determined that the Commissioner had not sustained his burden of proof?

## DISCUSSION

 The proponent of a chemical test must establish that the test is reliable and that its administration in the particular instance conformed to the procedure necessary to ensure reliability. *State v. Dille,* 258 N.W.2d 565, 567 (Minn.1977). The results of an infrared breath test, when performed by a trained person, are admissible into evidence without antecedent expert testimony that the instrument provides a trustworthy reliable measure of alcohol in the breath. Minn.Stat. § 634.16 (1984). The instrument used in this case, the Intoxilyzer 5000, is an infrared breath-testing instrument. Minn.Stat. § 169.01, subd. 68 (1984); Minn.R. 7502.0420, subpt. 2 (1985). After a prima facie showing of trustworthy administration, it is incumbent on the petitioner in an implied consent proceeding to suggest reasons why the test was untrustworthy. *Tate v. Commissioner of Public Safety,* 356 N.W.2d 766, 768 (Minn.Ct.App. 1984).

The Commissioner argues that the trial court erred as a matter of law in determining that he failed to show, by a fair preponderance of the evidence, that Schultz's blood alcohol concentration was .10 or more, when the sole evidence before the court was that an Intoxilyzer test was administered to Schultz by a qualified operator who followed all required procedures, that the instrument was functioning properly, and that the result showed Schultz's blood alcohol concentration to be .10 or more. *See Zern v. Commissioner of Public Safety,* 371 N.W.2d 82, 84 (Minn.Ct.App. 1985).

While the Commissioner's arguments as to these facts have merit, the trial court made findings of fact which, if not clearly erroneous, support its determination of law. A trial court's findings will not be set aside unless clearly erroneous. *Johnson v. Commissioner of Public Safety,* 374 N.W.2d 577, 579 (Minn.Ct.App.1985).

Initially, we note that this case presents a different fact situation from cases in which a test was challenged on the basis of a calibration standard test of the simulator solution. In *State, Department of Public Safety v. Habisch,* 313 N.W.2d 13 (Minn. 1981), the Breathalyzer test result was challenged because the simulator solution, which was the known alcohol solution used to test the Breathalyzer, was old. In three cases this court has decided, a petitioner below challenged the validity of the test because the calibration standard test showed the simulator solution to be below the acceptable .10 limit. *Feil v. Commissioner of Public Safety,* 383 N.W.2d 420 (Minn.Ct.App.1986) (initial simulator solution reading of .052 for Intoxilyzer test); *Johnson,* 374 N.W.2d at 578 (simulator solution reading of .099 for Intoxilyzer test); *Noren v. Commissioner of Public Safety,* 363 N.W.2d 315 (Minn.Ct.App.1985) (simulator solution reading of .098 for a Breathalyzer test). In this case the simulator solution reading was within the acceptable range, but the trial court found, on the basis of the Intoxilyzer operator's testimony, that the Intoxilyzer was reading high by at least .009 and that the reported value was high by at least .009. Subtracting that figure from the reported result left a breath test result below .10. The trial court consequently rescinded the revocation.

 While the officer's testimony conflicts as to the meaning of a simulator solution test result that reads .119 and .115, the trial court, in its order, noted that it accepted that testimony tending to support its findings and specifically rejected testimony to the contrary. On this record, we cannot say the trial court clearly erred in its findings. The findings supported its conclusion of law that the Commissioner did not show, by a fair preponderance of the evidence, that the test results were .10 or more, as required by Minn.Stat. § 169.123.

## DECISION

The trial court's order rescinding the revocation of Schultz's driving privileges is affirmed.

Affirmed.