Richard L. ISRAEL,
Petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC
SAFETY, Respondent.

No. C3–86–1575.

Court of Appeals of Minnesota.

Feb. 10, 1987.

Samuel A. McCloud, Dean S. Grau, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Joel A. Watne, Nancy Bode, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by RANDALL, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

RANDALL, Judge.

Appellant was arrested for driving while under the influence, and his driver's license was revoked for failing the Intoxilyzer test. He petitioned for judicial review and the trial court sustained the revocation. He appeals from the trial court's order. We affirm.

## FACTS

On May 7, 1986, at approximately 1:00 a.m., Crystal Police Officer Phillip Johnson was driving his squad car in a southeasterly direction on Highway 169 at the 5400 block. Johnson observed a vehicle ahead of him which was weaving within its lane and crossed the fog line. Johnson activated his red lights and stopped the vehicle, which appellant was driving.

Johnson observed that appellant had an odor of alcohol, slightly slurred speech, and bloodshot eyes. He asked appellant to perform field sobriety tests. The officer formed the opinion that appellant was driving while under the influence, and placed appellant under arrest. Johnson transported appellant to the Crystal police station where he read him the implied consent advisory. Appellant said he understood the advisory and agreed to take the breath test.

Johnson initialed the Intoxilyzer test record form indicating he had observed appellant for 15–20 minutes prior to administering chemical testing. The officer testified he was watching for the placement of any items into appellant's mouth, but was not watching specifically for burping or other similar behavior by appellant. Appellant produced no evidence to indicate that there was, in fact, burping or other behavior on his part which could affect the test results.

At approximately 1:57 a.m., Officer Ray Wredberg, a certified Intoxilyzer operator, administered a breath test to appellant. He pushed the start test button on the Intoxilyzer and inserted a test record. The Intoxilyzer performed internal diagnostic tests and the temperature and air blank tests gave readings which were within established tolerances. Appellant's first breath sample was adequate and registered an alcohol concentration reading of .163, with a replicate reading of .167. The Intoxilyzer next performed air blank, calibration standard, and air blank tests, which again yielded readings within established tolerances. Appellant gave a second breath sample, which was adequate, and registered an alcohol concentration of .168, with a replicate reading of .169. The breath correlation was .99, and the reported value was .16.

The trial court concluded in relevant part that the Commissioner showed by a fair preponderance of the evidence that appellant's test results indicated an alcohol concentration of .10 or more, the testing method used was valid and reliable, and the test results were accurately evaluated. It determined that Officer Johnson's observation of appellant was sufficient. It found that appellant did not come forward with evidence that the test results were invalid. The trial court sustained the revocation of appellant's driving privileges, and appellant brings an appeal from the order.

**ISSUE**

Did the observing officer's failure to watch for burping or similar behavior invalidate the test results, where appellant produced no evidence to indicate there was, in fact, burping on his part?

**ANALYSIS**

Appellant's driving privileges were revoked pursuant to the implied consent law because his Intoxilyzer test indicated an alcohol concentration of .16. Minn.Stat. § 169.123, subd. 4 (1984). He petitioned for judicial review, challenging the validity and reliability of the test result. Minn. Stat. § 169.123, subd. 6 (1984).

The trial court found that the observing officer did not watch for burping or similar behavior by appellant and that appellant produced no evidence indicating there was in fact such behavior which would affect the test results. It determined the observation was sufficient and sustained the revocation.

The proponent of a chemical or scientific test must establish that the test itself is reliable and that its administration in the particular instance conformed to the procedure necessary to ensure reliability. *State v. Dille*, 258 N.W.2d 565, 567 (Minn. 1977). The results of an infrared breath testing device are admissible in evidence without antecedent expert testimony when the test is performed by a person fully trained by the Commissioner. Minn.Stat. § 634.16 (1984). We accept that the proponent of the test cannot *absolutely* eliminate *possibilities* of contamination, but the proponent must show steps were taken which were reasonably aimed at eliminating contamination. *Tate v. Commissioner of Public Safety*, 356 N.W.2d 766, 768 (Minn.Ct.App.1984).

Appellant argues that because the police officer charged with observing the appellant was insufficiently trained and lacked a full understanding of the purpose of the observation period, the license revocation should have been rescinded, citing *McGregor v. Commissioner of Public Safety*, 386 N.W.2d 339 (Minn.Ct.App. 1986). Unlike *McGregor*, where the officer had no training, and did not know the rea-

son for observing the driver or what to observe, *id.* at 340, the officer in this case testified that he was watching for the placement of any items in appellant's mouth.

The precise issue in this case has been addressed in *Scheper v. Commissioner of Public Safety*, 380 N.W.2d 222 (Minn.Ct. App.1986). In *Scheper*, the driver argued that because the officer did not watch to detect burping, the observation was fatally flawed. This court held that the duty to produce this kind of evidence, which is often concealed and difficult to detect, is properly placed upon the driver. *Id.* at 224. Mere speculation that some contamination might have occurred is insufficient. *Bielejeski v. Commissioner of Public Safety*, 351 N.W.2d 664, 666 (Minn.Ct.App. 1984).

We affirm the trial court's decision that the Commissioner has shown by a fair preponderance of the evidence that appellant's test results indicated an alcohol concentration of .10 or more, that the testing method used was valid and reliable, and that the test results were accurately evaluated.

### DECISION

The decision of the trial court sustaining the revocation of appellant's driver's license is affirmed.

Affirmed.