Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)
Keith Ellison, Attorney General, Leah M.P. Hedman, Assistant Attorney General, St. Paul, Minnesota (for respondent)
Considered and decided by Worke, Presiding Judge; Schellhas, Judge; and Slieter, Judge.
SCHELLHAS, Judge *662 Appellant challenges the district court's order sustaining the revocation of his driver's license, arguing that he successfully impeached his breath-test results by proving that he burped during the pretest observation period. Because appellant failed to sufficiently demonstrate that his burps affected the test results, we affirm.
FACTS
Trooper Andrew Anderson arrested appellant Jace Junker on probable cause for driving while impaired and read Junker the implied-consent advisory. Junker agreed to provide a breath sample for an alcohol-concentration test. Trooper Anderson conducted the pretest observation period for 17 minutes. During this time, Trooper Anderson did not see Junker burp, belch, or vomit. At the end of the observation period, Trooper Anderson asked Junker if he had vomited, whether "he had burped anything into his mouth," or whether "something entered his mouth," and Junker answered no. Trooper Anderson did not ask Junker whether he had burped or belched. Using the DataMaster, Trooper Anderson tested two samples of Junker's breath. The DataMaster reported an alcohol concentration of 0.09 and did not detect mouth alcohol.
Respondent Minnesota Commissioner of Public Safety revoked Junker's driver's license based on the breath-test results. Junker petitioned for judicial review, and the district court conducted a hearing. At the implied-consent hearing, when the commissioner offered the breath-test results into evidence, the court asked if Junker had any objection. His counsel replied, "without waiving the ultimate issue, I have no objection." Junker testified at the hearing that he burped during the observation period, but he offered no evidence that the burps actually affected his test results. Junker's counsel stated, in part, in his closing remarks, as follows:
If the person conducting the observation period wasn't doing it correctly, and I'm sure counsel will correct me if I'm misstating there, but it gets kicked entirely. If it wasn't conducted perfectly, the burden is then on the petitioner to show that there was burping, belching or vomiting and then at that point, the test also gets kicked. But the burden does get shifted, it turns into a credibility determination, is what this case will boil down to.
Counsel for the commissioner responded that
the burden is not to show that belching happened or a specific event happened. It's to show that [it] actually influenced the outcome of the test. So it's not necessarily that an action occurred, but it impacts the reliability of the test result, it is the actual introduction of a substance or an actual impact on the tests result that is important, not the previous act, but something influencing the test result in fact.
At the close of the hearing, the district court granted the parties leave to submit briefs on the issues presented. Following receipt of those briefs, the court found that the commissioner met its burden for admission of the breath-test result, and that Junker burped during the observation period but failed to show that his burping affected his breath-test results. The court sustained the revocation of Junker's license.
This appeal follows.
*663 ISSUE
Did appellant sufficiently demonstrate that his burping actually affected his breath-test results?
ANALYSIS
According to testimony at Junker's implied-consent hearing, the Minnesota Bureau of Criminal Apprehension and officer training require that a driver be observed for at least 15 minutes before a breath test is administered. The purpose of the observation period is to ensure that mouth alcohol does not contaminate a driver's breath samples. For breath-test results to be admitted into evidence, the commissioner has the burden of establishing that the test is reliable and that the administration of the test conformed to the procedure necessary to ensure its reliability. State v. Dille , 258 N.W.2d 565, 567 (Minn. 1977). To meet this burden, a breathalyzer test must be "conducted by a certified operator," and the commissioner must establish "that the machine was in proper working order and the chemicals in proper condition." Bielejeski v. Comm'r of Pub. Safety , 351 N.W.2d 664, 666 (Minn. App. 1984). After the breath-test results are admitted, the burden shifts to the driver to challenge the credibility of the results. Id ."Burden-of-proof determinations are reviewed independently, on the basis of the facts found, omitting any factual findings that are clearly erroneous." Genung v. Comm'r of Pub. Safety , 589 N.W.2d 311, 313 (Minn. App. 1999) (citing State v. Kulseth , 333 N.W.2d 635, 637 (Minn. 1983) ), review denied (Minn. May 18, 1999).
Here, because Junker did not object to the admissibility of the breath-test results, the only issue before this court is whether Junker impeached the credibility of the breath-test results by sufficiently demonstrating that his burping actually affected the validity of the test results. To impeach the credibility of breath-test results, a driver must prove that he burped during the observation period and must also demonstrate that the burping actually affected the test results. Hounsell v. Comm'r of Pub. Safety , 401 N.W.2d 94, 96 (Minn. App. 1987).
In previous cases, this court has concluded that drivers' arguments that contaminants affected their implied-consent chemical tests have rested on mere speculation. See, e.g., Falaas v. Comm'r of Pub. Safety , 388 N.W.2d 40, 42 (Minn. App. 1986) (reversing rescission of license revocation, and stating that "[t]he argument that something may have occurred during observation to affect the test result is speculation and should not be used without supporting evidence as the basis for rescinding a revocation" (emphasis omitted)); Melin v. Comm'r Pub. Safety , 384 N.W.2d 474, 477 (Minn. App. 1986) (concluding that driver did not rebut prima facie showing of reliability of test without evidence that cigarette smoking elevated Intoxilyzer test result); Engen v. Comm'r of Pub. Safety , 383 N.W.2d 399, 401 (Minn. App. 1986) (noting driver's testimony that she "could have burped" rested on speculation); Bielejeski , 351 N.W.2d at 666 (stating that driver must "produce evidence to impeach the credibility of test results," and that driver's argument that he "might have burped" is "merely an invitation to speculation").
Here, Junker's argument did not rest entirely on mere speculation of possible contamination during the observation period; the district court found that Junker burped during the observation period. But even though Junker proved that he burped during the observation period, he failed to demonstrate that the burping actually affected his breath-test results. See Hounsell , 401 N.W.2d at 96 (stating that to meet *664 burden, driver must sufficiently demonstrate that his test results were affected by the burping).
Junker argues that his burping was enough to challenge the credibility of the breath test and that "[i]t would strain the resources of any defendant who was subjected to an improper observation period to have to bring in a forensic expert, and perhaps retain the services of a time traveler, simply to prove that mouth alcohol will artificially raise a test result." But the caselaw is clear: "Even if a driver can prove that he had something in his mouth, he must also demonstrate that the substance actually affected his results." Id . Additionally, the commissioner offered substantial evidence that DataMaster has built-in safeguards that provide an invalid result if the system detects mouth alcohol. Trooper Anderson testified that Junker's test results passed the machine's internal test, and Junker did not refute this evidence.
DECISION
Because Junker failed to sufficiently demonstrate that his burping during the pretest observation period actually affected his breath-test results, he did not impeach the credibility of the test results. The district court therefore did not err by sustaining the revocation of Junker's driver's license.
Affirmed.